IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ELLIOTT THOMAS,
#211477                                                                                              PLAINTIFF

v.                                      4:18-cv-858-BSM-JJV

ZACHARY THOMPSON, Sergeant,
Pulaski County Regional Detention Facility; *et al.*                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.  The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

**I.  INTRODUCTION**

Elliott Thomas ("Plaintiff") is a pretrial detainee at the Pulaski County Regional Detention Facility ("PCRDF").  He has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendants Sergeant Zachary Thompson, Sergeant Janeka Watkins, and Lieutenant Jason Bangs violated his constitutional rights by failing to protect him from a gas leak that occurred at the PCRDF on or about September 20, 2018, and denying him medical care for a severe headache, burning eyes, dizziness, and coughing he allegedly endured as a result of being exposed to the gas fumes.[1]  (Doc. No. 1.)

Defendants have filed a Motion for Summary Judgment arguing they are entitled to dismissal because Plaintiff failed to exhaust his administrative remedies.  (Doc. Nos. 28, 29, 30.)  Plaintiff has not filed a Response, and the time to do so has expired.  After careful consideration of this matter and for the following reasons, I find Defendants' Motion for Summary Judgment should be GRANTED, and Plaintiff's claims against Defendants Thompson, Watkins, and Bangs

---

[1]  Plaintiff's claim against Defendant Doe, an unknown maintenance worker, was dismissed with prejudice during screening mandated by 28 U.S.C. § 1915A.  (Doc. Nos. 5, 6.)

2

should be DISMISSED without prejudice.

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III. ANALYSIS

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548

3

U.S. 81, 85 (2006) ("exhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983"). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007).

The PLRA requires inmates to: (1) fully and properly exhaust their administrative remedies as to each claim in the complaint; and (2) complete the exhaustion process prior to filing an action in federal court. *Jones,* 549 U.S. at 219; *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). Importantly, the Supreme Court has emphasized that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218; *see also Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out and doing so properly so that the agency addresses the issues on the merits"). Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility. *Id.*

The PCRDF's exhaustion procedure is found in Branch Directive D05-0001. (Doc. No. 30-3 at 3-18.) According to this Directive, a detainee must file a written grievance with the Grievance Officer or other designee within fifteen days of the grieved matter. *(Id.)* The Grievance Officer or other designee must answer the grievance within ten working days. (*Id.*) If the detainee is not satisfied, he or she may appeal to the Chief of Detention within ten working days. (*Id*.) The Chief of Detention or designee must respond to the appeal within five working days, and that decision is the final step in the grievance procedure. *(Id.)*

According to the affidavit of Sergeant Warner, who is the PCRDF custodian of records,

Plaintiff filed grievances both before and after the September 20, 2018 incident, but did not file any grievances about the alleged gas leak or lack of medical care for exposure to gas fumes. (Doc. No. 30-1; Doc. No. 30-2 at 15, 21). The attached copy of Plaintiff's institutional file supports her statements and demonstrates Plaintiff was familiar with the PCRDF grievance procedure but failed to file a grievance raising the claims he is attempting to pursue in this lawsuit. Because he did not exhaust his available administrative remedies, as required by the PLRA, Plaintiff's failure to protect and inadequate medical care claims must be dismissed without prejudice. *Jones,* 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"); *Langford v. Norris*, 614 F.3d 445, 457 (8th Cir. 2010) (dismissal for failure to exhaust administrative remedies is without prejudice).

I realize Plaintiff may perceive my exhaustion findings as an unfairly technical "gotcha" mechanism to keep him out of court. To the contrary, the exhaustion requirement plays a critical role in the remedy process. The United States Court of Appeals for the Eighth Circuit has explained this important role as follows:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Johnson*, 340 F.3d at 626-27 (*quoting Porter v. Nussle*, 534 U.S. 516, 524-25 (2002)); *see also Woodford*, 548 U.S. at 88 ("Exhaustion gives an agency 'an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court,' and it discourages 'disregard of [the agency's] procedures'") (*quoting McCarthy v. Madigan*, 503 U.S. 140, 145

5

(1992)). Accordingly, I recommend Defendants' Motion for Summary Judgment be granted and Plaintiff's claims against them be dismissed without prejudice.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendants' Motion for Summary Judgment (Doc. No. 28) be GRANTED, and Plaintiff's claims against Defendants Thompson, Watkins, and Bangs be DISMISSED without prejudice.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this recommendation would not be taken in good faith.

Dated this 14th day of May 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE